**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CHAVA NIKE' BEY (f/k/a DORIS ANN NETTLES),** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); WILSON & ASSOCIATES, PLLC; LOGS LEGAL GROUP, LLP; AUCTION.COM, LLC; JOSEPHINE PROPERTIES, LLC,** | ) | **No. 2:25-cv-03102-BCL-atc** |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS AND FOR *SUA SPONTE* DISMISSAL**

On December 4, 2025, Plaintiff Chava Nike' Bey (formerly known as Doris Ann Nettles) filed a *pro se* complaint and a motion to proceed *in forma pauperis.* (ECF Nos. 1, 5.) The Court granted the motion to proceed *in forma pauperis* on December 11, 2025. (ECF No. 14.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

Defendants Wilson & Associates, PLLC ("Wilson") and Auction.com, LLC ("Auction.com") appeared and filed a Motion to Dismiss on January 5, 2026, alleging that Bey's claims against them are barred by the doctrine of res judicata. (ECF No. 20.) Bey filed a

Response on January 16, 2026 (ECF No. 22), and Wilson and Auction.com filed a Reply on January 20, 2026 (ECF No. 23).[1]

For the reasons set forth below, it is recommended that Bey's claims be dismissed for failure to state a claim upon which relief may be granted and *sua sponte* for lack of subject matter jurisdiction.

**PROPOSED FINDINGS OF FACT**

Bey alleges various claims arising from the foreclosure of her home located at 1419 Singing Trees Drive, Memphis, Tennessee. (ECF Nos. 1, 1-1.) She challenges the outcome of the foreclosure proceedings themselves, a case filed in Shelby County Chancery Court that became final in 2021 (the "Foreclosure Proceedings"), and also challenges aspects of an "eviction action"—presumably, a forcible-entry-and-detainer action—filed in Shelby County General Sessions Court that she has apparently appealed to Shelby County Circuit Court (the "FED Proceedings"). (ECF No. 6, at 6–7; ECF No. 11, at 3–4.) When the Complaint was filed, the FED Proceedings were ongoing, but the docket reveals that Bey's claims have since been dismissed with prejudice. *See Bey v. Wells Fargo Bank, N.A.*, No. CT-5905-25, "Order Granting Defendant Josephine Properties, LLC's Motion to Dismiss Petition for Writ of Certiorari and Supersedeas with Prejudice" (Tenn. Cir. Ct. Shelby Cnty. June 9, 2025) ("This Order constitutes a final and appealable order disposing of all claims against all parties in this proceeding.").

Bey filed a motion for injunctive relief contemporaneously with the Complaint arising from her assertion that the Circuit Court has required her to pay "$15,000 by Monday, December

[1] Bey filed an additional unauthorized Response on February 3, 2026. (ECF No. 24.) Local Rule 12.1 permits a nonmoving party to file a memorandum in opposition to a motion to dismiss and allows the moving party to file a reply. The Rule does not provide for a nonmoving party to file a surreply or additional response, whether as a matter of right or with leave of court. Accordingly, the Court declines to consider Bey's second Response herein.

15, 2025, as a condition for review of Plaintiff's claims," after which the "eviction will proceed immediately under a judgment that Plaintiff asserts is void." (ECF No. 11, at 4.) She alleged that eviction would cause her irreparable harm because it would create a "life-threatening medical emergency" for her "severely disabled minor child" who resides with her in the home. (ECF No. 6, at 5.) The undersigned subsequently entered a Report and Recommendation for Denial of Plaintiff's Emergency Motion for Temporary Retraining Order and Preliminary Injunction on December 11, 2025. (ECF No. 15.) The Report and Recommendation remains pending.

Defendants Wilson and Auction.com subsequently appeared and filed a Motion to Dismiss on January 5, 2026, alleging that Bey's claims are barred by the doctrine of res judicata. (ECF No. 20.) Bey's Response argues that "[t]his action arises from continuing and post-dismissal conduct, not from relitigation of claims previously adjudicated." (ECF No. 22, at 1–2.) In their Reply, Wilson and Auction.com point out that "res judicata applies to issues which were or 'should have been litigated' in the prior action." (ECF No. 23, at 1 (quoting ECF No. 21, at 5).)

As outlined in the December 11th Report and Recommendation, two related cases are worthy of note. The first is a complaint Bey filed on August 23, 2023, in the Shelby County Chancery Court: *Bey v. Scharf*, No. CH-23-1113 ("*Bey I*"). *Bey I* involved many of the Defendants (or their representatives) sued here: Wells Fargo Bank, N.A. ("Wells Fargo"); Auction.com LLC; and Wilson & Associates, PLLC. (*Id.*) Similar to Bey's Complaint here, in *Bey I*, she claimed that she was entitled to the invalidation of the Foreclosure Proceedings. (*Id.*) The claims in *Bey I* were dismissed with prejudice for failure to state a claim on various dates in March and April of 2024. The final *Bey I* defendants were dismissed and the case was closed on April 24, 2024.

The second is a complaint Bey filed on April 17, 2024, in this Court: *Nettles v. State of Tennessee Government*, No. 2:24-cv-02241-MSN-atc ("*Bey II*"). *Bey II* asserted many of the same claims and theories against many of the same defendants as in *Bey I* (and in this case). No. 2:24-cv-02241-MSN-atc, ECF No. 63, at 6 (W.D. Tenn. Feb. 4, 2025). The Court entered a Report and Recommendation on February 4, 2025, recommending that *Bey II* be dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. *Id.* Judge Norris adopted that recommendation over Bey's objections on February 19, 2025, and dismissed *Bey II* with prejudice. No. 2:24-cv-02241-MSN-atc, ECF Nos. 66 and 67 (W.D. Tenn. Feb. 19, 2025).

## PROPOSED CONCLUSIONS OF LAW

### I. Legal Standards

#### A. 28 U.S.C. § 1915(e)(2)

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time of it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

#### B. Failure to State a Claim

To determine whether Bey's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); see *also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf

of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

C. Subject Matter Jurisdiction

"A complaint is subject to dismissal under Rule 12(b)(1) if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction." *Nesselrode v. Sec'y of U.S. Dep't of Educ.*, No. 17-4206, 2018 WL 6975166, at *2 (6th Cir. June 18, 2018). "*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed." *Woodson v. Woodson*, No. 2:22-mc-00003-TLP-tmp, 2022 WL 16985602, at *2 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). "Even so, *pro* se litigants must adhere to the Federal Rules of Civil Procedure, . . . and the court cannot create a claim that has not been spelled out in a pleading." *Id.* (citations omitted).

"At any time in a case and of its own volition, a district court may examine whether a complaint lacks subject matter jurisdiction." *Coleman v. Juv. Ct. of Memphis & Shelby Cnty.*

*TN*, No. 2:17-cv-2524-SHL-tmp, 2017 WL 10607262, at *2 (W.D. Tenn. Aug. 29, 2017), *report and recommendation adopted*, No. 2:17-cv-02524-SHL-tmp, 2018 WL 5298155 (W.D. Tenn. Oct. 25, 2018), *aff'd sub nom. Coleman v. Juv. Ct. of Memphis*, No. 18-6245, 2019 WL 2298965 (6th Cir. Apr. 10, 2019); *see also Coleman v. Juvenile Court of Memphis*, No. 18-6245, 2019 WL 2298965, at *1 (6th Cir. Apr. 10, 2019) (affirming *sua sponte* dismissal of the complaint for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine); *Squire v. Coughlan*, 469 F.3d 551, 555–56 (6th Cir. 2006) (affirming *sua sponte* dismissal of the complaint for lack of subject matter jurisdiction under *Younger* abstention).

## II. Res Judicata[2]

Res judicata or "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 590 U.S. 405, 412 (2020). Parties may not "relitigat[e] the same 'claim' or 'cause of action,' even if certain issues were not litigated in the prior action." *Brownback*, 592 U.S. at 215 n.3; *see also J.Z.G.*, 84 F.3d at 214 ("Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action."). "Suits involve the same claim or cause of action if the later suit arises from the same transaction

[2] The term "res judicata" has become ambiguous due its usage as both a synonym for, and a type of, preclusion. *See, e.g.*, *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021) ("The terms res judicata and claim preclusion often are used interchangeably. But res judicata comprises two distinct doctrines. The first is issue preclusion, also known as collateral estoppel . . . . The second doctrine is claim preclusion, sometimes itself called res judicata." (quotations and citations omitted)); *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) (describing "true res judicata" as one of the two doctrines of res judicata). As used herein, res judicata refers only to claim preclusion, distinct from the doctrine of issue preclusion/collateral estoppel.

or involves a common nucleus of operative facts." *Brownback*, 592 U.S. at 215 n.3 (internal quotations omitted).

If a claim is barred by the doctrine of res judicata, "[t]he weight of authority supports dismissal for failure to state a claim." *Owens v. Shelby Cnty. Sch. Bd. of Educ.*, No. 2:18-cv-02345-JTF-dkv, 2018 WL 4374238, at *4 (W.D. Tenn. Jul. 18, 2018), *report and recommendation adopted*, 2018 WL 4179076 (W.D. Tenn. Aug. 31, 2018) (collecting Sixth Circuit cases affirming Rule 12(b)(6) dismissal based on res judicata). Courts are "empowered to raise res judicata sua sponte . . . in the interests of, *inter alia*, the promotion of judicial economy." *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (citations omitted). Furthermore, res judicata is an appropriate basis to dismiss for failure to state a claim during the initial screening of a complaint pursuant to § 1915(e)(2). *See Smith v. Morgan*, 75 F. App'x 505, 506 (6th Cir. 2003) (affirming dismissal "pursuant to § 1915(e) because the doctrine of res judicata bars consideration of the instant complaint"); *see also Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 374 (6th Cir. 2007) (affirming dismissal based on res judicata pursuant to § 1915(e) because the plaintiff "could have made all of the same allegations and claims he makes in his current lawsuit in that earlier second lawsuit"). In the Sixth Circuit, claims are barred by res judicata if four elements are satisfied:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Trs. of Operating Eng'rs Loc. 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 380 (6th Cir. 2019), *reh'g denied* (June 20, 2019) (quoting *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002)).

Bey's claims against Wells Fargo,[3] Wilson, and Auction.com are barred by res judicata. The Court takes judicial notice that Bey has filed similar lawsuits against these Defendants in this Court and the Shelby County Chancery Court asserting claims arising from the same events.[4] *See Bey I*, No. CH-23-1113; *Bey II*, No. 2:24-cv-02241-MSN-atc.

The first element of res judicata is satisfied because final decisions on the merits were entered in the prior cases. *Bey I* was dismissed for failure to state a claim, and *Bey II* was dismissed both for failure to state a claim and for lack of subject matter jurisdiction. (*See* ECF No. 21, at 9–13.) Both dismissals therefore operate as adjudications on the merits.

The second element is satisfied because Bey named Wells Fargo, Wilson, and Auction.com in *Bey I* and *II*. *Bey I*, No. CH-23-1113, "Complaint" (Tenn. Ch. Ct. Shelby Cnty. Aug. 23, 2023); *Bey II*, No. 2:24-cv-02241-MSN-atc, ECF No. 1 (W.D. Tenn. Apr. 17, 2024).

The third and fourth elements are satisfied because the previous cases involved the same issues and factual allegations as those raised in this case, at least in regard to the claims against Wells Fargo, Wilson, and Auction.com. In determining whether an identity of causes of action exists, courts in the Sixth Circuit evaluate whether "the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Id.* at 383 (quoting *Winget*, 537 F.3d at 580). This element is also satisfied if there is an affinity between "the facts creating the right of action and . . . the evidence necessary to sustain each action," with "the evidentiary component looking to whether the same underlying factual evidence could

---

[3] Though only Wilson and Auction.com have moved to dismiss, res judicata likewise precludes Bey's claims against Wells Fargo. Accordingly, dismissal of Bey's claims against Wells Fargo is also appropriate pursuant to § 1915(e)(2)(B)(ii).

[4] "A court may take judicial notice of other court proceedings." *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

support and establish both claims." *Id.* at 383–84 (internal citations and quotations omitted). "[T]he critical consideration is operative 'factual overlap' between the claims." *Id.* at 384 (citing *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 483 (6th Cir. 2014)).

Here, all of the claims against Wells Fargo, Wilson, and Auction.com arose from the same core of operative facts as and were, or could have been, asserted in the prior cases. As Wilson and Auction.com correctly argue, Bey's claims against them seemingly arise solely from issues and factual allegations which "were litigated, or which should have been previously litigated" in either *Bey I* or *Bey II*, which sought to challenge the Foreclosure Proceeding. (ECF No. 21, at 5.) From the Court's independent review of the filings in *Bey I*, *Bey II*, and this case, the same is true of the claims against Wells Fargo. Those cases thus share identity with this cause of action, and all issues raised in this case were or should have been raised in those cases.

Because each element of res judicata is satisfied, it is recommended that Wilson and Auction.com's Motion to Dismiss be granted. The Court also extends the same analysis to Bey's claims against Wells Fargo as part of its screening pursuant to § 1915(e)(2) and recommends that all claims against Wells Fargo be dismissed as well.

## III. ***Rooker–Feldman* Doctrine**

"The [*Rooker–Feldman*] doctrine—coming from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)—restricts federal courts from hearing claims seeking 'relief from injury caused by the state court judgment.'" *Robinson v. Tansley*, No. 2:23-cv-02589-SHL-atc, 2024 WL 4151160, at *7 (W.D. Tenn. Sept. 11, 2024) (quoting *In re Hamilton*, 540 F.3d 367, 371–72 (6th Cir. 2008)). "The *Rooker–Feldman* doctrine prohibits federal district courts from 'consider[ing] cases brought by state-court losers complaining of injuries caused by state-court judgments.'" *Harvison v. Little*, No.: 1:22-cv-

01103-JDB-jay, 2023 WL 3147905, at *2 (W.D. Tenn. Apr. 28, 2023) (quoting *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 455 (6th Cir. 2021)). "The doctrine is derived from 28 U.S.C. § 1257, which 'vests sole jurisdiction to conduct[] appellate review of final state-court judgments in the Supreme Court.'" *Id.* (quoting *Bennett*, 989 F.3d at 456).

"To ascertain whether the doctrine applies, the Court 'look[s] to the source of the injury the plaintiff alleges in the federal complaint.'" *Harvison*, 2023 WL 3147905, at *2 (quoting *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)). "Other than the Supreme Court of the United States, federal courts are barred from exercising appellate jurisdiction over state courts' decisions and proceedings, 'including claims that are "inextricably intertwined" with issues decided in state court proceedings.'" *Robinson*, 2024 WL 4151160, at *7 (quoting *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004)). In making this determination, "Plaintiffs' subjective characterization of their claims is not determinative. The court must determine whether *Rooker–Feldman* bars a claim 'by looking to the source of the injury the plaintiff alleges in the federal complaint.'" *Penn v. Ogg*, No. 1:14-cv-762014, 2014 WL 4450038, at *4 (S.D. Ohio Sept. 10, 2014) (quoting *Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2001)) (citations omitted) (finding that the *Rooker–Feldman* doctrine applied, even though the plaintiffs couched their federal case in terms of fraud and constitutional violations, because it is the state-court proceeding and "corresponding judgment entry against Plaintiffs that is the source of the injury alleged in the federal complaint . . . . This is precisely the type of claim that is barred by *Rooker–Feldman*."); *see also Hicks-Bey v. Goodstein*, 2:23-cv-10771-TGB-eas, 2023 WL 3186945, at *2 (E.D. Mich. May 1, 2023) (dismissing under *Rooker–Feldman*, even though the plaintiff made fraud and § 1983 claims, because the claims all challenged state-court foreclosure proceedings).

When the claims in a subsequent federal case essentially seek to set aside a state-court judgment and are "the functional equivalent of an appeal from a state court judgment," the *Rooker–Feldman* doctrine applies, and the federal court lacks subject matter jurisdiction. *Untied v. CIT Grp. Consumer Fin., Inc.*, 23 F. App'x 233, 234–35 (6th. Cir. 2001) ("The district court appropriately concluded that it lacked jurisdiction over Untied's complaint because the claims challenged the adequacy and result of state court proceedings that resolved the foreclosure sale of the subject property."); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (affirming dismissal of federal claims because the plaintiff was "effectively attempting to appeal from the state order granting possession to [the mortgagee], [and thus] his suit was properly dismissed under *Rooker–Feldman*"); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 489–90 (6th Cir. 2005) (affirming dismissal because, "[b]esides being utterly frivolous, the plaintiffs' claims are predicated on their conviction that the state courts were wrong and, therefore, satisfy the very definition of a case requiring *Rooker–Feldman* abstention" (quotation omitted)); *T. M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739, 1753 (2026) ("Federalism principles are thus best served by continuing to apply *Rooker-Feldman* to federal cases in which plaintiffs seek review of state-court judgments, regardless of whether those judgments are final trial-court judgments or those of a State's highest court."). "A federal plaintiff may not sidestep this jurisdictional rule simply by casting the complaint in the form of a federal civil rights action." *Shea v. State of Ohio*, 110 F.3d 64, at *2 (6th Cir. 1997) (unpublished table opinion).

The Court takes judicial notice of the FED Proceedings, which have been dismissed with prejudice. *See Bey*, No. CT-5905-25, "Order Granting Defendant Josephine Properties, LLC's Motion to Dismiss Petition for Writ of Certiorari and Supersedeas with Prejudice" ("This Order

constitutes a final and appealable order disposing of all claims against all parties in this proceeding."). Accordingly, Bey's claims are barred by the *Rooker–Feldman* doctrine. At its core, this lawsuit is the functional equivalent of an appeal from the Foreclosure Proceedings that gave rise to the subsequent FED Proceedings. This lawsuit also sought to interfere with the FED Proceedings, which were ongoing when Bey filed the Complaint. Now that the FED Proceedings have also been dismissed with prejudice, however, this case is nothing more than an attempt to collaterally attack issues that have already been determined by the Shelby County General Sessions Court and Circuit Court, first in the Foreclosure Proceedings, second in *Bey I*, and again in the FED Proceedings. Any injury alleged by Bey flowed directly from the outcomes of those proceedings and the consequences imposed as a result. Because the *Rooker–Feldman* doctrine prohibits federal district courts from "consider[ing] cases brought by state-court losers complaining of injuries caused by state-court judgments," *Bennett*, 989 F.3d at 455, it is recommended that this case be dismissed for lack of subject matter jurisdiction.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Wilson and Auction.com's Motion to Dismiss be granted. As part of its screening pursuant to § 1915(e)(2), the Court also recommends that all claims against Wells Fargo be dismissed. Further, it is recommended that the Complaint be dismissed *sua sponte* for lack of subject matter jurisdiction.

Respectfully submitted this 23rd day of July, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and

recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.